**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

DALE PHILLIPS,[1]  )
                   )
        Plaintiff, )
                   )
        v.         )  Case No. 4:26-cv-00142-RK
                   )
AUTO-OWNERS (MUTUAL)  )
INSURANCE COMPANY, and J'S  )
SOUTHLAND TOW SERVICE, LLC,  )
                   )
        Defendants. )

## <u>ORDER</u>

This action was originally filed in the Circuit Court of Cass County, Missouri, and was removed to this Court by Defendant Auto-Owners (Mutual) Insurance Company ("Auto-Owners"). Now before the Court is Plaintiff Dale Phillips' motion to remand. (Doc. 6.) Auto-Owners filed suggestions in opposition to Plaintiff's motion to remand. (Doc. 8.) Plaintiff did not file a reply brief, and the time for doing so has expired. *See* Local Rule 7.0(c). After careful consideration and for the reasons stated below, the Court **ORDERS** that (1) Plaintiff's motion to remand is **DENIED**, and (2) Defendant J's Southland Tow Service, LLC is **DIMISSED without prejudice** due to fraudulent joinder.[2]

### Background and Procedural Posture

Plaintiff alleges that on April 30, 2025, while driving his vehicle on South Street in Harrisonville, Missouri, he was struck by a vehicle driven by Hannah Fletcher. (Doc. 1-1 at ¶ 6.) At all relevant times, Plaintiff was insured under an Auto-Owners insurance policy with uninsured motorist coverage. (*Id.* at ¶ 11.) After the crash, Plaintiff made two insurance claims to Auto-Owners for uninsured motorist coverage and property damage. (*Id.* at ¶ 8.) A controversy exists

---

[1] On June 29, 2026, Auto-Owners filed a Suggestion of Death as to Dale Phillips. (Doc. 16.) At this time, however, there has been no request to substitute for Dale Phillips any other party-plaintiff. To the extent Mr. Phillips' claims survive his death, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). The 90-day period under Rule 25(a) to substitute has not yet run—it expires September 27, 2026, and no party has sought substitution or any other relief at this juncture. The Court proceeds accordingly.

[2] The Court acknowledges and offers its gratitude to Payton Garrett, a judicial intern and rising third-year law student at the University of Missouri, for her assistance in researching and drafting this Order.

between the parties as to whether Fletcher, the driver, meets the Auto-Owners insurance policy's definition of an uninsured motorist. (*Id.* at ¶ 20.) Consequently, Auto-Owners contends that it does not owe any uninsured motorist coverage to Plaintiff. (*Id.* at ¶ 22.)

As to the property damage claim, Auto-Owners deemed Plaintiff's vehicle worth $9,720 but made several deductions including $4,660 for the amount owed to J's Southland Tow Service, LLC ("J's Southland") for storage fees. (*Id.* at ¶ 41.)[3] Auto-Owners paid the $4,660 deducted from Plaintiff's insurance claim for storage fees directly to J's Southland, rather than to Plaintiff. (*Id.* at ¶ 42.)

Plaintiff filed two cases in state court arising from the foregoing collision and insurance dispute. Plaintiff filed the first case on August 7, 2025, against Hannah Fletcher for negligence. *Phillips v. Fletcher*, Case No. 25CA-CC00311 (Cass Cnty. Cir. Ct.) ("State Case 1"). On October 16, 2025, the state court entered default judgment in favor of Plaintiff and against Fletcher. A little over two and a half weeks later, on November 5, 2025, a "First Amended Petition for Damages" was filed by Plaintiff in State Case 1, naming as defendants Fletcher, Auto-Owners, and J's Southland. The amended petition reasserts the negligence claim against Fletcher and adds a claim against Auto-Owners and J's Southland seeking a declaratory judgment regarding the insurance policy, and asserts a claim for damages for breach of contract against Auto-Owners.

This removal case stems from the second state case brought by Plaintiff, which was filed almost two weeks after the "First Amended Petition for Damages was filed in State Case 1. The second case was filed by Plaintiff on November 17, 2025, in the Circuit Court of Cass County, *Phillips v. J's Southland*, Case No. 25CA-CC00454 ("State Case 2"). State Case 2 does not assert claims against Fletcher, but asserts verbatim the same claims against Auto-Owners and J's Southland that Plaintiff asserted in the "First Amended Petition for Damages" that was filed in State Case 1.[4]

Auto-Owners purported to remove State Case 1 to federal court on January 5, 2026. That case was assigned Case No. 4:26-cv-00005-RK (W.D. Mo.) ("Removal Case 1"). One-and-a-half months later, on February 19, 2026, Auto-Owners removed State Case 2 to federal court, which was assigned Case No. 4:26-cv-00142-RK (W.D. Mo.) ("Removal Case 2"). In both removal

---

[3] Plaintiff alleges Auto-Owners also deducted $14.50 for license and title fees and $500.00 for the insurance deductible.

[4] Both Plaintiff and J's Southland are citizens of Missouri; Auto-Owners is not a citizen of Missouri.

cases, Auto-Owners invokes the Court's federal subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  The Court addresses the two cases separately.[5]

Here—as to Removal Case 2—Plaintiff Phillips argues that the case must be remanded to state court because the Court lacks diversity jurisdiction in that there is not complete diversity, given that both Plaintiff Phillips and J's Southland are Missouri citizens.[6]  Auto-Owners argues that J's Southland's non-diverse citizenship should be disregarded for purposes of establishing federal subject-matter jurisdiction because it is fraudulently joined.

Further facts are set forth as necessary.

### Legal Standard

The "[f]ederal courts are courts of limited jurisdiction" and possess authority only over those cases for which they have subject-matter jurisdiction.  *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (quoting *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021)).  "Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants."  *Prempro*, 591 F.3d at 620.  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *Id.*

However, a federal court may nevertheless obtain jurisdiction despite a nominal lack of complete diversity when the non-diverse party is fraudulently joined.  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) ("[T]he petitioners were required to show fraudulent joinder to eliminate the non-diverse parties.").  "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  *Id.* at 810.  Conversely, there is no fraudulent joinder if there is a "colorable" cause of action asserted against the non-diverse defendant, meaning that the state law might impose liability under the facts alleged.  *Metro. Med.*

---

[5] As to Removal Case 1 (Case No. 4:26-cv-00005-RK), as set out in the Court' separate Order entered in that case, the Court finds that it lacks subject-matter jurisdiction and therefore remand is required. *See* Removal Case 1 (doc. 26).

[6] The Court notes that neither Plaintiff nor Auto-Owners ever pleads or presents evidence regarding the citizenship of the *members* of J's Southland.  An LLC's citizenship is determined by the citizenship of its members.  *See Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes.").  Nonetheless, Auto-Owners concedes that J's Southland is a non-diverse defendant, or in other words, that J's Southland is at least a citizen of Missouri.  Moreover, given the Court's determination that J's Southland is fraudulently joined, it does not address this issue further.

*Soc'y of Greater Kan. City v. Exec. Risk Indem. Inc.*, No. 05-0864-CV-W-DW, 2005 WL 3132326, at *1 (W.D. Mo. Nov. 22, 2005) (citing *Filla*, 336 F.3d at 810).

**Discussion**

Both Plaintiff and J's Southland are citizens of Missouri. (Doc. 1 at ¶¶ 8, 10; Doc. 1-1 at 1, ¶¶ 1 & 2.) Auto-Owners is a citizen of Michigan. (Doc. 1 at ¶ 9.) Plaintiff argues that joinder of J's Southland is not fraudulent (and that it therefore destroys complete diversity for purposes of establishing diversity jurisdiction) because Plaintiff has a valid claim against J's Southland under the Missouri Declaratory Judgment Act, § 527.010, RSMo, *et seq.*

As relevant here, Plaintiff's declaratory-judgment claim asserted in Count 1 of the complaint filed in State Case 2 fundamentally arises from Auto-Owner's payment of insurance policy proceeds directly to J's Southland for storage costs rather than to Plaintiff. Specifically, Plaintiff seeks declaratory judgment as against both Auto-Owners and J's Southland to find in relevant part that "Auto Owners policy . . . provides property damage coverage to Plaintiff for the full amount of damages that Plaintiff is entitled to recover and that Defendant Auto Owners is obligated by the terms of the Auto Owners policy to pay the property damage coverage directly to plaintiff, not to Defendant J's Southland Tow" and that "Defendant J's Southland Tow has no right to recover plaintiff's insurance coverage directly from Defendant Auto Owners[.]"[7] (Doc. 1-1 at 3, ¶¶ (f)-(g).)

Here, the Court "is tasked with determining whether there is a reasonable basis in Missouri state law to support a claim against" J's Southland under the facts alleged. *Petrovic v. BP Corp. N.A. Inc.*, No. No. 4:18-cv-00799-RK, 2019 WL 630299, at *2 (W.D. Mo. Feb. 14, 2019). In other words, the Court must consider whether "there is arguably a reasonable basis for predicting" that the Missouri Declaratory Judgment Act "might impose liability" on J's Southland. *Lehotta*, 2024 WL 3861009, at *2 (quoting *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

Plaintiff argues that joinder of J's Southland is proper (and is not fraudulent for purposes of preventing removal) because J's Southland is a necessary party to his Declaratory Judgment Act claim. Auto-Owners responds that J's Southland is not a necessary party because J's

---

[7] Subsections (a)-(e) request declarations related to the insurance contract and definitions, including a declaration that the driver be considered uninsured under the policy definition and the coverage limits under the uninsured driver insurance. These are not relevant to J's Southland and are not relevant to the determination of fraudulent joinder.

Southland has no interest that would be affected by the declarations Plaintiff seeks in his Declaratory Judgment claim. Both Rule 87.04 of the Missouri Rules of Civil Procedure and the Missouri Declaratory Judgment Act, § 527.110, RSMo, provide that "[w]hen declaratory relief is sought, all persons shall be made parties [to a declaratory judgment action] who have or claim any interest which would be affected by the declaration."[8]

"An 'interest' under the Missouri Declaratory Judgment Act is 'not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action.'" *Legacy Bldg. Grp., LLC v. Liberty Mut. Fire Ins. Co.*, No. 4:25-cv-01624-JAR, 2026 WL 1584204, at *4 (E.D. Mo. June 3, 2026) (quoting *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo. Ct. App. 2006)). "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id.* (quoting *Moschenross*, 188 S.W.3d at 25). If the defendant has no cognizable interest, then there is no colorable cause of action against that party under the Missouri Declaratory Judgment Act. *See Seoul Taco Holdings v. Cincinnati Ins. Co.*, No. 4:20-cv-1249 RLW, 2020 WL 7389388, at *3-4 (E.D. Mo. Dec. 16, 2020) (finding fraudulently joined the City of St. Louis defendants who had no interest that was directly implicated by the declarations that Seoul Taco sought regarding an insurance contract with Cincinnati Insurance, and specifically, insurance coverage under the insurance contract for lost business income and extra expenses arising out of governmental COVID-19 shut-down orders).

To be sure, as stated above, in State Case 2 (as before the Court here in Removal Case 2), Plaintiff seeks declarations which on their face appear to implicate or concern J's Southland. Plaintiff seeks declarations that "Defendant Auto Owners is obligated by the terms of the Auto Owners Policy to pay the property damage coverage directly to Plaintiff, not to Defendant J's Southland Tow" and that "Defendant J's Southland Tow has no right to recover Plaintiff's insurance coverage directly from Defendant Auto Owners." (Doc. 1-1 at 4.) Plaintiff argues that J's Southland stands to gain or lose based on this Court's ruling because it would find J's Southland does not have a right to direct payment, and as such J's Southland has an interest under the Missouri Declaratory Judgment Act. Auto-Owners argues to the contrary that J's Southland has no cognizable interest under the Declaratory Judgment Act because the relief requested would not

---

[8] The Missouri Declaratory Judgment Act is unique from federal declaratory judgment relief in that it provides an independent cause of action, rather than just a form of relief.

have any direct effect upon J's Southland, who has already been paid by Auto-Owners.[9] The Court agrees with Auto-Owners.

The Court finds two particular fraudulent joinder cases in the insurance dispute context persuasive and illustrative. First, in *Metropolitan Medical Society of Greater Kansas City v. Executive Risk Indemnity Inc.*, No. 05-0864-CV-W-DW, 2005 WL 3132326 (W.D. Mo. Nov. 22, 2005) ("*Metropolitan Medical Society*"), the district court found that a non-diverse defendant which was a non-party to an insurance contract was fraudulently joined in the context of a Missouri Declaratory Judgment Act case seeking declarations as to the parties' obligations under the insurance contract. *Id.* at *2. In the underlying action prior to *Metropolitan Medical Society*, Shirley Stroud brought a lawsuit against Metropolitan Medical Society for wrongful termination for which Executive Risk Indemnity refused to cover and provide a defense to its insured, Metropolitan Medical Society. *Id.* at *1. After Stroud obtained judgment against Metropolitan Medical Society in the underlying action, Metropolitan Medical Society brought a declaratory judgment action in Missouri state court against Executive Risk Indemnity and Stroud. *Id.*

Executive Risk Indemnity removed the insurance-contract declaratory judgment action to federal court under diversity jurisdiction, arguing that Stroud, who was a non-diverse defendant, was fraudulently joined. *Id.* In concluding that Metropolitan Medical Society could not state a colorable declaratory judgment claim against Stroud (and that Stroud was therefore fraudulently joined and did not defeat removal), the district court considered the lack of contractual relationship between Metropolitan Medical Society and Stroud. The court reasoned that the issue in that case was fundamentally an insurance contract dispute between the insurer (Executive Risk) and the insured (Metropolitan Medical Society). *Id.* Accordingly, the district court concluded that Missouri law did not contemplate joining Stroud as a defendant. *Id.* The Court reached this decision despite Metropolitan Medical Society requesting a declaration "that recovery, if any, by

---

[9] Moreover, Auto-Owners argues that based upon the facts in Plaintiff's complaint filed in State Case 2, there are no other available claims Plaintiff could assert against J's Southland. In Auto-Owner's suggestions in opposition to remand, they theorize a few alternative (although possibly unfeasible) claims that Plaintiff could have raised such as breach of contract, unjust enrichment, and negligence. Auto-Owners argues, however, that based on the alleged facts, Plaintiff has no cognizable claims under any of those theories. (Doc. 8 at 5-6.) The Court does not address the merits of any other claim Plaintiff might have against J's Southland because the only claim Plaintiff asserts against J's Southland in the complaint filed in State Case 2 is a claim seeking relief under the Missouri Declaratory Judgment Act.

Shirley Stroud in the Underlying Action be limited to the policy limits of insurance policy issued by Defendant Executive Risk Indemnity." *Id.*

Here, like in *Metropolitan Medical Society*, Plaintiff's Declaratory Judgment Act claim at its core deals with the parties' rights and obligations under the insurance contract between Plaintiff and Auto-Owners. As in *Metropolitan Medical Society*, the non-diverse defendant (J's Southland) is not a party to the insurance contract. *Id.* at 2. Thus, declarations as to the parties' rights and obligations under the insurance contract do not directly affect any "interest" of J's Southland for purposes of the Declaratory Judgment Act. Plaintiff's requested declarations seek interpretation of the insurance contract, such as declaring that Plaintiff is an insured, that the underinsured motorist coverage is $200,000, and that Plaintiff is entitled to recover directly from Auto-Owners. (Doc. 1-1 at 3-4.) This insurance contract dispute undoubtedly implicates Plaintiff's and Auto-Owners interests. However, the Court concludes that Missouri law does not contemplate joining J's Southland to this insurance contract dispute. *Metro. Med. Soc'y*, 2005 WL 3132326, at *2 ("This Court cannot reasonably conclude that Missouri state law contemplates joining Stroud as a defendant in this insurance contract dispute between her judgment debtor [the insured] and its insurer.").

Additionally, in *Legacy Building Group, LLC v. Liberty Mutual Fire Insurance Co.*, No. 4:21-cv-266-MTS, 2021 WL 4819570 (E.D. Mo. Oct. 15, 2021), the district court was confronted with another insurance policy dispute involving a party who had allegedly been fraudulently joined to defeat diversity jurisdiction. *Id.* at *1-2. Plaintiff Legacy Building Group and non-diverse defendant S.M. Wilson were both seeking coverage under a policy issued by Liberty Mutual. *Id.* at *5. Both appear to be parties to the insurance policy. Their combined demands exceeded the policy limit. *Id.* Thus, the court reasoned, any declaration determining the priority of coverage would directly affect S.M. Wilson (for example, if the court determined Legacy Building Group had priority, S.M. Wilson would not be able to recover its entire claimed amount under the policy). Accordingly, the court found that S.M. Wilson had a cognizable interest under Missouri's Declaratory Judgment Act and was not fraudulently joined. *Id.* at *6.

Unlike the non-diverse defendant in *Legacy Building Group*, here J's Southland's interests are not directly impacted by the declarations Plaintiff seeks in a cognizable sense. Plaintiff has not alleged any contractual relationship between Plaintiff and J's Southland. In *Legacy Building Group*, however, S.M. Wilson (the non-diverse defendant) was itself a party to the insurance

7

contract and the priority of its right to recover under the insurance policy was directly at issue and implicated by the declarations sought. In contrast, here, the declaratory relief Plaintiff has requested would have no direct effect upon the money *already paid* to J's Southland. In *Legacy Building Group* the non-diverse defendant and plaintiff were engaged in an active dispute as to who *would be paid*, thus a judgment as to the priority of coverage would have an immediate effect on S.M. Wilson. A declaration in favor of Plaintiff here would only directly affect Auto-Owners, not J's Southland. Put another way, nothing in the requested declaratory relief would directly require J's Southland to remit the $4,660 payment received from Auto-Owners.

Surely, if Plaintiff were successful in this case and showed that Auto-Owners should have paid Plaintiff the $4,660 directly, Plaintiff may recover against Auto-Owners. Auto-Owners might then attempt to collect from J's Southland the $4,660 it paid to them. However, this potential collection against J's Southland is merely speculative and conjectural at this time, rather than a direct gain or loss from the declarations sought in this action. *See Legacy Bldg. Grp.*, 2026 WL 1584204, at *4 (quoting *Moschenross*, 188 S.W.3d at 25). This case is much more akin to *Metropolitan Medical Society*, which concerned a default judgment action grounded in a contract dispute between an insurer and an insured, neither of which included the non-diverse defendant.

For these reasons, the Court finds that there is no reasonable basis in fact and law for Plaintiff's Missouri Declaratory Judgment Act claim as against J's Southland because J's Southland does not have a direct interest. As there exists no colorable claim against J's Southland, the Court concludes that J's Southland was fraudulently joined and should be dismissed as a defendant in this case without prejudice. *See Housel v. Home Depot U.S.A., Inc.*, No. 3:14-cv-05084-MDH, 2014 WL 4421854, at *2 (W.D. Mo. Sept. 9, 2014) ("[W]here fraudulent joinder exists, the Court should dismiss the claims against the non-diverse defendant without prejudice because the Court has no jurisdiction to reach the merits of such claims.").

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that (1) Plaintiff's motion to remand is **DENIED**, and (2) Defendant J's Southland Tow Service, LLC is **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 16, 2026